# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GEORGE R. STUDNICKA, | Civil No. 05-723 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| A. DANIEL PINHEIRO, YOLANDA I. GARCES, and MAYO CLINIC FACILITY, | |
| Defendants. | |

George R. Studnicka, #12658-004, Federal Correctional Institution, P.O. Box 0699, 100 Prison Road, Estill, SC 29918-0699, plaintiff *pro se*.

Bartholomew B. Torvik, Heather M. McCann, Paul B. Klaas, and William R. Stoeri, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendants.

Plaintiff George R. Studnicka, a *pro se* federal prisoner, has filed this lawsuit against Mayo Clinic and two of its physicians, A. Daniel Pinheiro and Yolanda I. Garces. Plaintiff alleges, *inter alia*, that Pinheiro performed an invasive surgical operation on him without his consent and that Garces started radiation therapy on him without his consent.

On March 7, 2007, United States Magistrate Judge Franklin L. Noel issued an Order denying plaintiff's renewed motion for appointment of counsel [Docket No. 106]. On March 16, 2007, the Magistrate Judge issued an Order on plaintiff's motions filed between September 15, 2006 and November 29, 2006 [Docket Nos. 95, 98, 104, 110, 124, 131, 134, 137, 146, 148, 155, 187, 191, 193, 195, 197, 199, 203, 204, 208, 209, 211,

and 212]. Also on March 16, 2007, the Magistrate Judge issued a Report and Recommendation on plaintiff's Motion for Summary Judgment of Default [Docket No. 155]. On March 22, 2007, plaintiff timely appealed the Order dated March 7, 2007. On April 16, 2007, the Court granted plaintiff's motion for an extension to file an appeal of the Order dated March 16, 2007 and to file objections to the Report and Recommendation dated March 16, 2007. On April 16, 2007, plaintiff filed objections to the Report and Recommendation dated March 16, 2007. On April 27, 2007, plaintiff appealed the Order dated March 16, 2007.

This matter is now before the Court on plaintiff's appeals of the orders dated March 7, 2007 and March 16, 2007. The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). For the reasons set forth below, the Court affirms the Order dated March 7, 2006 and affirms in part and reverses in part the Order dated March 16, 2006.

This matter is also before the Court on plaintiff's objection to the Report and Recommendation dated March 16, 2007. The Court conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules plaintiff's objections and adopts the Report and Recommendation.

**ANALYSIS**

**I.   APPEAL OF ORDER DATED MARCH 7, 2007**

In the Order dated March 7, 2007, the Magistrate Judge denied plaintiff's renewed motion for appointment of counsel. The Order summarizes the events leading up to the denial of plaintiff's motion. On June 16, 2006, the Magistrate Judge referred plaintiff to the Volunteer Lawyer's Network ("VLN"). Plaintiff contacted the VLN but later appeared to abandon his efforts to obtain a lawyer because of his belief that all of the VLN lawyers would have a conflict of interest in representing him. On September 15, 2006, plaintiff filed the renewed motion for appointment of counsel [Docket No. 106]. On November 30, 2006, the Magistrate Judge granted the renewed motion for appointment of counsel, ordered plaintiff to cooperate with the VLN, and stayed the case until the VLN found a lawyer to represent plaintiff. According to staff at the VLN, plaintiff then demanded that the VLN provide a full biography of the lawyer selected to review his file, including items such as previous jury trial experience. The VLN informed plaintiff that it would not provide the information he requested but urged him to provide the VLN with a copy of his medical record for the lawyer's review. On January 11, 2007, the Magistrate Judge ordered plaintiff to send his medical record to the VLN, and indicated that if plaintiff failed to send the records, the Court would infer that plaintiff abandoned his renewed motion for appointment of counsel and decided to proceed *pro se*. As of March 5, 2007, plaintiff still had not sent his medical records to the VLN. On March 7, 2007, the Magistrate Judge therefore vacated its Order dated November 30, 2006 and denied plaintiff's renewed motion for appointment of counsel.

On March 22, 2007, plaintiff appealed the Order dated March 7, 2007. In his appeal, plaintiff maintains that the VLN could not have represented him because of a conflict of interest.[1] Plaintiff asserts that the executive director of the VLN previously represented Mayo Clinic, but defendants dispute that there is any conflict of interest with the VLN. Defendants assert that the VLN has not and does not represent Pinheiro or Garces, or the Mayo Clinic Rochester. The Magistrate Judge properly assured plaintiff that with his cooperation the VLN would likely be able to find a lawyer to represent him, and that plaintiff was mistaken in his belief that all of the lawyers would have a conflict of interest. Even if some lawyers affiliated with the VLN could not represent plaintiff because of a conflict of interest, this does not mean that all lawyers affiliated with the VLN would have a conflict of interest.

Plaintiff further argues that the VLN has failed to cooperate with him because the VLN repeatedly refused to accept his collect calls and refused to provide the name of an attorney to whom plaintiff could have his medical records sent. Plaintiff is not in a position to make demands of the VLN, and the VLN's request that plaintiff send the medical records to the VLN, rather than provide the name of an attorney, is not unreasonable. The VLN explained that it needed the medicals records so that an attorney

---

[1] In his appeal, plaintiff also maintains that he could not have provided his medical record to the VLN as ordered by the Magistrate Judge because he never received copies of the films in his medical record, and because the medical records he did receive were incomplete. The Court addresses these issues below in its discussion of the Order dated March 16, 2007. However, the fact that plaintiff may not have received his complete medical record has no bearing on his motion for appointment of counsel because plaintiff failed to send to the VLN even the medical records that he had in his possession.

could assess his case for merit and that the VLN did not have a specific attorney who was willing to take the case at that time.

The Court agrees with the Magistrate Judge that plaintiff has failed to fully cooperate with the VLN, and that further effort by the Court to try to obtain a lawyer for plaintiff is unwarranted at this time. The Court appreciates the steps taken by the Magistrate Judge to try to provide plaintiff a lawyer, and affirms the Order dated March 7, 2007.

## II.   APPEAL OF ORDER DATED MARCH 16, 2007

In the Order dated March 16, 2007, the Magistrate Judge addressed in two pages the 23 motions filed by plaintiff between September 15, 2006 and November 29, 2006. Plaintiff appears to appeal the Order in its entirety. The Court first addresses the motions addressing defendants' compliance with the Court's order that they provide plaintiff a complete copy of his medical record. The Court then addresses plaintiff's motion for leave to amend his complaint. Finally, the Court addresses the remaining motions of plaintiff.

### A.   Discovery Motions

The Magistrate Judge denied as moot plaintiff's motions to compel [Docket No. 95], for production of all plaintiff's medical files and records [Docket No. 98], to compel [Docket No. 110][2], for order of MRI computer generated copies [Docket

---

[2] The Court affirms the Magistrate Judge's decision to deny as moot plaintiff's motion to compel at Docket No. 110. The motion sought to compel defendants to provide specifically
(Footnote continued on next page.)

No. 131], for disclosure [Docket No. 146], to compel [Docket No. 148], to allow plaintiff's motions for discovery to be considered official [Docket No. 187], for specific discovery requests [Docket Nos. 195, 199, 209, 211], and to order copies of medical files and records [Docket No. 208]. There is no dispute that the Court required defendants to provide plaintiff a complete copy of his medical record.[3] The Magistrate Judge denied plaintiff's discovery motions as moot because the Magistrate Judge had previously found that defendants had provided plaintiff a complete copy of his medical record. This finding was made in the Order dated March 7, 2007. In that Order, the Magistrate Judge relied upon a declaration of an attorney for defendants. (*See* McCann Decl. at Docket No. 120.) In his appeal, plaintiff strenuously disputes that defendants have provided a complete copy of his medical record.

### 1.   Medical Films

First, plaintiff maintains that he has never personally received the copies of films in his medical record. According to the McCann declaration, on June 13, 2006, defendants mailed a copy of plaintiff's medical record to plaintiff at the Federal Correctional Institution in Butner, North Carolina. The attached letter informed plaintiff that the records sent did not include copies of medical films, but that the films would be

---

(Footnote continued.)

numbered pages missing from the set of medical records sent to plaintiff on June 13, 2006. Defendants in response to the motion promptly sent to plaintiff the four missing documents.

[3] On June 15, 2006, the Court ordered, "any Defendant who has any medical record pertaining to the Plaintiff shall copy the record and deliver it to the Plaintiff at his current Bureau of Prisons address." (Docket No. 80.)

sent under separate cover as soon as copying was completed. On July 18, 2006, defendants mailed the films to plaintiff at the Federal Correctional Institution in Butner, North Carolina. The films were returned to defendants because plaintiff had since been transferred to the Federal Correctional Institution in Estill, South Carolina. Defendants spoke to prison authorities at the Federal Correctional Institution in Estill, South Carolina. Prison authorities informed defendants that plaintiff would not be allowed to have possession of the films in his cell and instructed defendants to mail the films to the institution's x-ray technician, Cindy Tuten. Defendants mailed the films to Tuten on July 31, 2006. (*See* Ex. 4 to McCann Decl. at Docket No. 120.) Plaintiff has informed the Court that prison authorities have not allowed plaintiff to view the films.

The Court ordered defendants to deliver the complete medical record "to the Plaintiff at his current Bureau of Prisons address." (Docket No. 80.) Defendants attempted to comply with the Court order by mailing the films to the Estill facility, but approximately one year after the Court ordered defendants to provide the films to plaintiff, plaintiff has still not received access to the films. Plaintiff filed a motion for release of legal mail [Docket No. 197], which requests that the Court order the Bureau of Prisons to provide plaintiff access to his medical films. In the Order dated March 16, 2007, the Magistrate Judge denied plaintiff's motion for release of legal mail and encouraged plaintiff to follow appropriate Bureau of Prisons procedures to gain access to the films. However, plaintiff explains in his appeal that he has exhausted all administrative remedies available to him.

Plaintiff needs these films to proceed in his litigation. As such, in an order filed separately, the Court orders the Warden of the Federal Correctional Institution in Estill, South Carolina to provide plaintiff access to the medical films. The Court therefore reverses the Magistrate Judge and grants plaintiff's motion for release of legal mail. The Court further reverses the Magistrate Judge in so far as the Magistrate Judge denied plaintiff's discovery motions based on the finding that plaintiff has received his medical films.

### 2. Summaries of Medical Records

Second, plaintiff maintains that he does not have his complete medical record because it contains "Mayo Clinic Results Summary" documents, rather than the full underlying documents. Defendants submitted a declaration stating that "[a]ll copies provided are complete copies of the medical records requested by Plaintiff." (McCann Decl. ¶ 7 at Docket No. 120.) Plaintiff argues in his motion at Docket No. 193 that the declaration contains misrepresentations, and in his appeal, plaintiff provides specific examples of documents that he believes are missing from the medical record. Plaintiff asserts that the summaries refer to numerous tests performed, but the full test results are not otherwise included in the medical record provided. He asserts that while he received 30 radiation treatments following his surgery, only a handful of the treatments are documented in the medical record. Defendants filed an excerpt from the medical record in support of their motion for summary judgment, but the Court has not received a complete copy of the medical record.

Given the contradicting assertions made by the parties, the Court cannot determine whether plaintiff has received a complete copy of his medical record, as ordered by the Court. The Court therefore orders defendants to provide the Court a complete set of the medical record sent to plaintiff. The Court will then examine the record and make a determination as to whether defendants have fulfilled their obligation to turn over the complete medical record to plaintiff. The Court further orders defendants to file a brief response to the assertions made by plaintiff that the medical record he was sent includes only summaries and not the full underlying documents and test results. The Court therefore defers ruling on plaintiff's discovery motions in so far as the motions assert that plaintiff has not received a complete copy of his medical record. The Court reverses in part the Magistrate Judge and grants in part plaintiff's motion for investigation into counsel McCann's continuous misrepresentations to the Court [Docket No. 193] but only to the extent that the motion seeks further analysis of defendants' compliance with their discovery obligations.

### 3. Interrogatories and Depositions

In the Order dated March 16, 2007, the Magistrate Judge deferred ruling on plaintiff's discovery motions in so far as they request discovery beyond the medical record, and ordered defendants to file a response to those requests. The Magistrate Judge also took under advisement plaintiff's motions for leave of the Court to take written depositions [Docket Nos. 204 and 212]. In an Order dated April 17, 2007, the Magistrate Judge decided to defer ruling on plaintiff's requests for discovery beyond the medical record until defendants' motion for summary judgment has been decided. In his appeal

of the Order dated March 16, 2007, plaintiff emphasizes that his failure to obtain an expert affidavit cannot excuse defendants' failure to comply with his discovery requests relating to the medical battery claim. Plaintiff is correct that no expert affidavit is needed for the medical battery claim, and the Court is confident that the Magistrate Judge will carefully assess the need for further discovery on this claim when he rules on this aspect of plaintiff's discovery motions.

### 4. CAT or MRI Scans

In his appeal, plaintiff asserts that he has not received computerized copies of CAT or MRI scans or the associated original report documents. He specifically requested discovery relating to his MRI scans in his motion at Docket No. 131. Defendants respond that plaintiff has not established the relevance of the MRI scans and that defendants do not possess the MRI scans because the scans were taken at a prison facility.

Based on the representations of the parties, it appears to the Court that defendants do not possess the scans. Rule 45 of the Federal Rules of Civil Procedure governs production of documents in the possession of nonparties through the use of subpoenas. The Magistrate Judge has the primary role of managing discovery and because the Magistrate Judge not yet specifically addressed whether plaintiff should be issued subpoenas to serve upon nonparties, the Court will not address it further here. The Magistrate Judge should consider this issue when he decides plaintiff's remaining discovery requests.

B.  **Motion for Leave to Amend the Complaint**

Plaintiff filed a motion for leave to amend his complaint on September 28, 2006 [Docket No. 124]. Following a responsive pleading, a party may amend its pleading by leave of court, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Amendment of pleadings is to be liberally allowed. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). Thus, "absent a good reason for denial – such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment – leave to amend should be granted." *Id.*

Plaintiff seeks to amend his complaint to assert his existing claims against an additional defendant, Dr. Kerry Olsen, and to add a First Amendment retaliation claim against another additional defendant, Dr. David Edwardy. Defendants responded by arguing that the motion for leave to amend was unduly delayed and would be prejudicial to defendants. The Magistrate Judge denied the motion for leave to amend without discussion.

In its Order dated June 2, 2006, the Court explained to plaintiff that if he wished to assert claims of First Amendment retaliation against prison officials at the Federal Medical Center he would need to promptly file a motion for leave to amend. Plaintiff then waited several months to file the motion for leave to amend, but the Court cannot conclude that the motion was unduly delayed. In his appeal, plaintiff explains that he was confined to bed because of his health. He asserts that as soon as he regained his health and obtained legal materials he began reconstructing his motion for leave to

amend, which had been confiscated by prison authorities when he was transferred between prison facilities. Plaintiff further explains that it was not until he received the second set of his medical records in June 2006 that he was even aware of his potential claims against Olson. According to plaintiff, the first set of medical records sent by defendants was not nearly as extensive as the second set and did not include references to Olson.

The Court finds that granting plaintiff leave to amend the complaint would not prejudice defendants. There are no new claims asserted against the current defendants – the only new claim in the Amended Complaint is a First Amendment retaliation claim against Edwardy.[4] The briefing on the current defendants' outstanding motion for summary judgment could be easily amended to cover the claims against Olson. Prejudice to Edwardy can be avoided if the Magistrate Judge modifies the deadline for dispositive motions.[5]

The Court recognizes the difficulties faced by *pro se* prisoners, and concludes that under the circumstances plaintiff should be given leave to amend his complaint. The

---

[4] Although it is not clear from the Amended Complaint, plaintiff may also be seeking to add a claim that Edwardy conspired with Pinheiro to perform the surgery upon plaintiff. The Court agrees with defendants that plaintiff has been aware of the facts underlying this potential claim since the beginning of this lawsuit, and the Court does not allow plaintiff to now add this claim.

[5] It is not clear whether plaintiff appeals the Magistrate Judge's disposition of plaintiff's motion to continue [Docket No. 203]. The Magistrate Judge granted the motion in so far as it sought a new pretrial schedule. The Order is affirmed, but the Court notes that the pretrial schedule will likely need to be modified given the new claim against Edwardy.

Court therefore reverses the Magistrate Judge and grants plaintiff's motion for leave to amend the complaint.

### C. Other Motions

The Magistrate Judge denied plaintiff's motions to appoint a medical expert [Docket No. 104], to appoint an investigator [Docket No. 134], to appoint a jury selection expert [Docket No. 137], and appoint a polygraph expert [Docket No. 191]. The Court affirms the Magistrate Judge on each of these motions. The Court is still assessing whether it should appoint an expert to aid the Court in its analysis of plaintiff's claims. But if the Court does appoint an expert, it will do so "on its own motion" rather than on the motion of a party. Fed. R. Evidence 706(a).

## II. OBJECTION TO REPORT AND RECOMMENDATION DATED MARCH 16, 2007

The Magistrate Judge recommended denying plaintiff's motion for Summary Judgment of Default [Docket No. 155]. In this motion, plaintiff asks the Court to grant him default judgment based on defendants' failure to provide plaintiff with his requested discovery. In his objection, plaintiff emphasizes that defendants have not responded to any of his interrogatories. Defendants respond that the interrogatories are relevant only to the medical malpractice claims, which defendants argue the Court should dismiss because of plaintiff's failure to provide an expert affidavit. Defendants also assert that the number of interrogatories and the information sought are excessive.

As discussed above, plaintiff is correct that the expert affidavit requirement does not apply to plaintiff's claim for medical battery. Nevertheless, the Magistrate Judge has

not ordered defendants to respond to plaintiff's interrogatories so defendants' failure to respond to the interrogatories cannot form the basis for the extreme remedy of default judgment. The Court therefore overrules plaintiff's objections to the Report and Recommendation, and denies plaintiff's Motion for Summary Judgment of Default.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

**1.** The Magistrate Judge's Order dated March 7, 2007 [Docket No. 220] is **AFFIRMED.**

**2.** The Magistrate Judge's Order dated March 16, 2007 [Docket No. 221] is **AFFIRMED IN PART** and **REVERSED IN PART** as follows:

   **a.** As explained above, the Court **DEFERS RULING UPON IN PART**, **GRANTS IN PART**, and **DENIES IN PART** plaintiff's motions to compel [Docket No. 95], for production of all plaintiff's medical files and records [Docket No. 98], for order of MRI computer generated copies [Docket No. 131], for disclosure [Docket No. 146], to compel [Docket No. 148], to allow plaintiff's motions for discovery to be considered official [Docket No. 187], for specific discovery requests [Docket No. 195], for specific discovery requests [Docket No. 199], to order copies of medical files and records [Docket No. 208], for specific discovery requests [Docket No. 209], and for specific discovery requests [Docket

No. 211]. Within fourteen (14) days of the date of this Order, defendants shall provide the Court a complete set of the medical record sent to plaintiff. Also within fourteen (14) days of the date of this Order, defendants shall file a brief response to the assertions made by plaintiff that the medical record includes only summaries and not the full underlying documents and test results.

 **b.** Plaintiff's motion to compel [Docket No. 110] is **DENIED as moot**.

 **c.** Plaintiff's motion for release of legal mail [Docket No. 197] is **GRANTED**. In an order separately filed, the Court orders the Warden of the Federal Correctional Institution in Estill, South Carolina to provide plaintiff access to his medical films.

 **d.** Plaintiff's motion for investigation into counsel McCann's continuous misrepresentations to the Court [Docket No. 193] is **GRANTED IN PART**, as explained above.

 **e.** Plaintiff's motion for leave to amend the complaint [Docket No. 124] is **GRANTED**. The Clerk of Court is respectfully **DIRECTED** to file the amended complaint received by the Court on October 16, 2006.

 **f.** Plaintiff's motions to appoint a medical expert [Docket No. 104], to appoint an investigator [Docket No. 134], to appoint a jury selection expert [Docket No. 137], and to appoint a polygraph expert [Docket No. 191] are **DENIED**.

**g.**     Plaintiff's motion to continue [Docket No. 203] is **GRANTED** in so far as it sought a new pretrial schedule.

**3.**     The Court **OVERRULES** plaintiff's objections [Docket No. 268] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated March 16, 2007 [Docket No. 222].  Accordingly, **IT IS HEREBY FURTHER ORDERED** that plaintiff's Motion for Summary Judgment of Default [Docket No. 155] is **DENIED**.

DATED:   June 1, 2007  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge