UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GEORGE R. STUDNICKA, | Civil No. 05-723 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| A. DANIEL PINHEIRO,<br>YOLANDA I. GARCES, and<br>MAYO CLINIC FACILITY, | |
| Defendants. | |

George R. Studnicka, #12658-004, Federal Correctional Institution, P.O. Box 0699, 100 Prison Road, Estill, SC 29918-0699, plaintiff *pro se*.

Heather M. McCann, Paul B. Klaas, and William R. Stoeri, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendants.

Plaintiff George R. Studnicka, a *pro se* federal prisoner, has filed this lawsuit against Mayo Clinic and two of its physicians, A. Daniel Pinheiro and Yolanda I. Garces (collectively "defendants"). He alleges that defendants performed medical procedures on him without his consent.

The case is presently before the Court on plaintiff's motion to compel. United States Magistrate Judge Franklin L. Noel issued an order denying the motion in its entirety on March 16, 2007, and plaintiff filed objections. This Court issued an Order dated June 1, 2007, affirming in part and reversing in part components of the March 16 Order. The Court also deferred ruling on one of the objections raised by plaintiff,

ordering instead that the defendants submit additional materials and briefing to the Court. Defendants have complied with that Order, and the plaintiff has filed documents responsive to defendants' submissions. The Court now affirms the remaining portion of the Magistrate Judge's Order dated March 16.

## BACKGROUND

The parties have been engaged in a dispute over the production of the plaintiff's medical records since the inception of this case. The plaintiff originally filed a motion to compel production of a complete set of his records as early as September 2005. After this Court had twice ruled on motions to dismiss, the Court ordered defendants to provide plaintiff with a complete set of his records in June 2006. Plaintiff has since filed numerous documents complaining that the records he received were incomplete and that he has yet to have full access to his file. Defendants first represented to the Court through a declaration by retained counsel dated September 2006 that they had provided "complete copies of the medical records requested by Plaintiff." (McCann Decl. ¶ 7 at Docket No. 120).

Plaintiff filed numerous motions to compel production of a complete set of his medical records following the September 2006 declaration. The Magistrate Judge denied all the pending motions on March 16, 2007. Plaintiff filed objections to the March 16 Order, arguing that the records he had received were incomplete. He maintained that some of the records were labeled as summaries but that the documents did not include copies of the actual summarized documents. He also maintained that there was no

documentation for certain procedures and exams to which he was subjected while in the defendants' care.

This Court issued an Order on plaintiff's objections on June 1, 2007. The Court held that the "contradicting assertions made by the parties" made it impossible to determine whether the plaintiff had received a complete set of medical records. *Studnicka v. Pinheiro*, No. 05-723, 2007 WL 1589527, at *4 (D. Minn. June 1, 2007). The Court instead ordered the defendants to provide the Court with a "complete set of the medical record sent to plaintiff" along with a "brief response to the assertions made by plaintiff that the medical record he was sent includes only summaries and not the full underlying documents and test results." *Id*.

The defendants have now provided the Court with a copy of the documents sent to the plaintiff. They also submitted a short brief in response to the June 1 Order and a declaration from Joseph M. Colaiano, in house counsel for the defendants. In the response defendants explain that documents labeled "Mayo Clinic Results Summary" are not summaries of other documents but are instead compilations of test results and physician notes from various health care providers at the hospital. The declaration states that the documents encompass the "entirety" of the plaintiff's medical record, that the medical records provided are no different than those provided to other patients, and that the information on the "Mayo Clinic Results Summary" forms are the "actual lab test results, radiologist's reports, and physician notes." (Colaiano Decl. at Docket No. 330.)

Plaintiff refutes the assertions in the documents provided by defendants in response to the June 1 Order, raising similar arguments to those raised in his initial

objections to the Magistrate's Order. He argues that the documents provided are only summaries of other documents and that there is no documentation for some of the tests and procedures to which he was subjected.

## ANALYSIS

The defendants maintain that the Magistrate Judge did not err by denying the motion to compel and that they have provided plaintiff with all of his medical records. The plaintiff continues to argue that defendants are withholding certain documents from him. The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive discovery matters is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

The documents provided to the Court appear complete, and defendants offer a reasonable explanation that documents entitled "Mayo Clinic Results Summary" are not summaries of other physical documents but are instead electronic compilations of notes and results entered by numerous physicians. The plaintiff continues to maintain that he was subjected to other tests and procedures for which there was no documentation provided, but these unsupported assertions are worth no more merit than defendants' assertions that the documentation provided is complete. This Court is unable, then, to

conclude that defendants are withholding records and documentation from the plaintiff. The Magistrate Judge did not err by denying this portion of the motion to compel.[1]

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the portion of the Magistrate Judge's Order dated March 16, 2007 [Docket No. 221] denying plaintiff's motion to compel production of his medical records [Docket No. 98] is **AFFIRMED**.

DATED:   July 10, 2007
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

---

[1] The Court notes that defendants have made numerous representations to the Court that the records provided are complete and that defendants have had myriad opportunities to ensure that plaintiff received complete copies of all of his medical records. If during the course of this litigation plaintiff proves that defendants withheld documents from him then sanctions may be appropriate. *See* Fed. R. Civ. P. 37.