## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| GEORGE ROBERT STUDNICKA, | Civil No. 05-723 (JRT/FLN) |
| Plaintiff, | |
| | **ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| A. DANIEL PINHEIRO, MAYO CLINIC FACILITY, and KERRY D. OLSEN, | |
| Defendants. | |

David B. Ketroser, **DAVID B. KETROSER, MD, JD**, P.O. Box 427, Hopkins, MN 55343-3830, for plaintiff.

Heather M. McCann, Paul B. Klaas, and William R. Stoeri, **DORSEY & WHITNEY, LLP**, Suite 1500, 50 South Sixth Street, Minneapolis, MN 55402-1498; and Joseph M. Colaiano, **MAYO CLINIC LEGAL DEPARTMENT**, 200 First Street Southwest, Rochester, MN 55905. for defendants.

This case consists of a single medical battery claim brought by George R. Studnicka, a prison inmate, against the Mayo Clinic Facility ("Mayo Clinic") and two of its doctors, A. Daniel Pinheiro and Kerry D. Olson (collectively, "defendants"). In short, Studnicka contends that the defendants performed a highly invasive surgery on him without his consent. After the defendants were unable to produce a signed informed consent form demonstrating Studnicka's consent to the surgery, this Court denied the defendants' motion for summary judgment. *Studnicka v. Pinheiro*, No. 05-723, 2008 WL 611605 (D. Minn. Mar. 5, 2008). Studnicka then brought a motion for partial summary

judgment, arguing that the absence of a signed consent form conclusively demonstrates that the defendants committed a battery under Minnesota law.  After finding no support for Studnicka's battery theory in Minnesota law or elsewhere, the Court denied this motion.  *Studnicka v. Pinheiro*, No. 05-723, 2008 WL 4717471 (D. Minn. Oct. 24, 2008).  The Court also denied Studnicka's motion to amend his complaint to add a breach of contract claim.  *Id*.  Studnicka has now requested leave to file a motion for reconsideration of those rulings.  (Docket No. 481.)  For the reasons given below, Studnicka's request is denied.

## ANALYSIS

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).  Requests to file such motions are granted "only upon a showing of compelling circumstances."  D. Minn. LR 7.1(g); *Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001).  A motion to reconsider should not be employed to relitigate old issues but instead to "afford an opportunity for relief in extraordinary circumstances."  *Dale & Selby Superette & Deli v. United States Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Here, Studnicka raises two challenges to this Court's prior order.  First, he argues that this Court should reconsider its rejection of his theory of "battery per se."  Studnicka notes that in 1986, federal regulations requiring informed consent forms in patient charts

were amended, clarifying that such forms "*must* be in the patient's chart."   42 C.F.R. § 482.51(b)(2) (emphasis added).   Studnicka contends that the cases relied on by the Court were decided before this change, when the regulation merely explained that where medical facilities comply with federal standards the form "*is* in the patient's chart."   *See* 42 C.F.R. § 405.1031(a)(6) (1985) (emphasis added).   Studnicka also seeks to distinguish *Cole v. Cobb*, No. 91-5557, 1992 WL 92788, at *5 (6th Cir. May 4, 1992).   As this Court noted in its prior order, the Sixth Circuit stated in *Cole* that Studnicka's battery per se theory has "no support in the law."   *Id*.   Studnicka now points out that the Sixth Circuit ultimately relied on other grounds in rejecting the plaintiff's battery claim.

The basis for this Court's decision, however, was not that the consent form requirement was unclear, or that the outcome in *Cole* was controlling.   Rather, the Court explained that when Minnesota's courts have stated the test for medical battery, they have not restricted the possible methods of consent to the signing of an informed consent form. *See, e.g.*, *Kohoutek v. Hafner*, 383 N.W.2d 295, 298 (Minn. 1986); *see also Kohoutek v. Hafner*, 366 N.W.2d 633, 637 (Minn. Ct. App. 1985), *rev'd on other grounds*, 383 N.W.2d 295 (Minn. 1986) (finding a genuine issue of material fact as to a patient's consent to a disputed medical procedure even though the doctors had failed to acquire written consent).   The Court added that Studnicka could not point to any case in Minnesota or elsewhere that treated the lack of a signed informed consent form as conclusive evidence of a battery.   Consequently, the Court explained that it was not persuaded that Minnesota's courts would adopt Studnicka's theory.   Nothing in

Studnicka's request undermines that conclusion[1] or otherwise raises "compelling circumstances" meriting further consideration.

Second, Studnicka renews his argument that he should have been given an opportunity to amend his complaint to add a breach of contract claim. Studnicka contends that the merits of that claim are strong, argues that it will require little additional discovery, and contends that his delay in asserting this claim was excusable. Substantially similar arguments, however, were rejected in this Court's prior order. As the Court noted, "[t]his litigation has gone on for more than three years without Studnicka alleging a breach of contract claim, he declined to add this allegation when given an opportunity to amend his pleadings in June 2007, and both parties' dispositive motions have been filed and resolved." *Studnicka*, 2008 WL 4717471, at \*4; *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (approving the denial of a leave to amend where discovery had closed and the opposing party had already moved for summary judgment). In short, this three-year old case is now on the eve of trial. The Court also noted that Studnicka's new claim would raise – for the first time in this litigation – the nature of the contractual relationship between the Mayo Clinic and the Rochester Federal Medical Center. *Id*. Those circumstances remain, and Studnicka's attempt to relitigate the merits of this issue does not present the "compelling

---

[1] Studnicka also briefly suggests that the only reason there are no reported cases on this topic is that every other medical facility uses informed consent forms. Even if this is true, however, this does not demonstrate that courts would respond to such a failure by altering the common law definition of battery, or that this Court should do so here.

circumstances" necessary to merit reconsideration.  Accordingly, Studnicka's request for leave to file a motion for reconsideration is denied.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Studnicka's request for permission to file a motion for reconsideration of the Court's Order of October 24, 2008 [Docket No. 481] is **DENIED**.

DATED:  December 18, 2008          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                          United States District Judge